FRANCES SHELDON *vs.* JAMES B. ROSE AND OTHERS.

A testator bequeathed to his widow the use of all his estate so long as she remained his widow, the will then providing as follows:—"In case of her marriage I bequeath only one half my property, which shall go to her for her support during her life." The other half he gave to other relatives, but made no provision for a residuary interest. Held that the estate given to the widow upon her marriage was an estate for life, and not an estate in fee; and that this portion of his property was to be distributed after her death as intestate estate

BILL IN EQUITY asking for advice as to the construction of the will of Chandler Owen, deceased; brought to the Superior Court in Hartford County. The petitioner was a trustee under the will. The facts were found and the case reserved for the advice of this court. The case is fully stated in the opinion.

*Waldo* and *Hyde*, for the administrator of the estate of the widow.

*H. H. Barbour*, with whom was *H. S. Barbour*, for the heirs at law.

CARPENTER, J. The testator provided for his wife as follows:—"I give and devise to my beloved wife Charity, the use, improvement and interest of all my estate, so long as she remains my widow; and in case of her marriage after my decease, I give and bequeath only one half of the property I may die possessed of, which shall go to her for her support during her natural life, and the other half to my brothers and sisters respectively, or their heirs or legal representatives, in the following manner, &c."

The will contains no residuary clause, and there is no specific disposition of any possible remainder after the termination of the life estate of the widow, who has since died. Had she remained single it is clear that the property remaining at her death would have been intestate. But she married. Thereupon her life estate in one half of the property termi-

372 HARTFORD, MIDDLESEX AND TOLLAND.

Worthington v. Charter Oak Life Ins Co.

nated, and that property was given to the brothers and sisters of the testator; so that that portion of the property ceased to be intestate.

The other half we think remained as it was, subject to the life estate, and intestate when the life estate was determined.

It is not clear that the testator intended to give her an absolute estate, while the language used seems to evince a contrary intention. Some force is to be given to the word "only." "I give and bequeath *only* one half of the property, &c." That indicates an intention that the interest which she should take under the second clause of this section should be the same in kind with that taken under the first clause; the difference relating simply to the amount. The subsequent words, "which shall go to her for her support during her natural life," although not conclusive, indicate a life estate rather than an absolute estate.

Construing the two provisions in this section together, and taking into consideration the fact that the law was so when this will was made, (1842,) that the personal property of the wife became the property of the husband, we have come to the conclusion that the testator did not intend to give an estate in fee.

We therefore advise the Superior Court that the property in question is intestate, and should be distributed, one half to the heirs of the widow, Mrs. Hayden, and the other half to the heirs of the testator.

In this opinion the other judges concurred; FOSTER, J., expressing some doubt.