GEORGE F. ADAMS, ADMINISTRATOR, *vs.* THURSTON B.
LILLIBRIDGE, ADMINISTRATOR, ET AL.

*Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator, after providing for the payment of his debts and bequeath-
ing $500 to each of his daughters, gave the " balance " of his estate,
real and personal, to his wife, "and at her death the balance, if any
remains, to my lawful heirs; meaning to convey to my wife the
right to sell and convey all or any part of my estate, either real or
personal, or use the same in such manner as she may see fit during
her lifetime." In a suit to construe the will it was *held:* —
1. That the widow took a life estate only in the " balance " or residue
of the testator's property.
2. That the remainder interest in such property vested in fee at the
testator's death in those persons who were then his " lawful heirs."

Argued April 23d—decided May 7th, 1901.

.ACTION to determine the validity and construction of the
will of Elisha Hull and that of Sarah A. Hull, his wife, both
of Norwich, deceased, brought to the Superior Court in New
London County and reserved by that court, *Robinson, J.*,
upon the facts stated in the complaint, for the consideration
and advice of this court.

The case is sufficiently stated in the opinion.

*Hadlai A. Hull*, for the plaintiff.

*Charles F. Thayer*, for the defendants.

HALL, J. The questions which are decisive of this case
arise under the will of Elisha Hull, who died in 1877, leav-
ing a widow, Sarah A. Hull, and two daughters, Idella Hull
Adams and Isadora Hull Lathrop, and real and personal estate
of the value of $12,000.

After providing for the payment of his debts and funeral

*Transferred from the second judicial district.

charges, and bequeathing to each of his said daughters the sum of $500, he used, in the last item of his will, the following language: " I give, devise and bequeath to my beloved wife Sarah Ann all the balance of my estate, both real and personal, and at her death the balance, if any remains, to my lawful heirs, meaning to convey to my beloved wife the said Sarah Ann the right to sell and convey all or any part of my estate, either real or personal, or use the same in such manner as she may see fit during her lifetime."

Upon the death of said Elisha Hull, his widow, the said Sarah A. Hull, as executrix of his will, took possession of said estate and paid the debts and legacies, and rendered her final account to the Court of Probate, which was accepted.

The said Sarah A. Hull died in 1887 leaving a will in which certain trusts are created, and some of the devises of which are made conditional upon the construction to be placed upon the said will of her husband, and parts of which we are asked to construe. Her daughter, the said Isadora Hull Lathrop, died in 1884, leaving an only child, Carrol L. Lathrop. Her surviving daughter, Idella Hull Adams, as executrix and trustee under her mother's will, took possession of, and caused to be inventoried as her mother's estate, the said property which had belonged to the estate of said Elisha Hull, and her final account as such executrix, in which she charges herself with personal property to the amount of $5,515, which was a part of the estate of Elisha Hull, was accepted by the Court of Probate.

Said Idella Hull Adams died in 1898, intestate, and her husband, George F. Adams, the plaintiff, is administrator of her estate, is also trustee under the will of Sarah A. Hull, and administrator with the will annexed of the estate of said Sarah A. Hull.

The plaintiff, as such trustee and administrator of said estates, is in the actual possession of the property which belonged to the estate of Elisha Hull, and in his said capacities asks, in the complaint, to have it determined: first, whether by the language quoted from the will of Elisha Hull an absolute estate or only a life estate was given to the widow

Sarah A. Hull; and second, whether, if by said provision Sarah A. Hull took only a life estate, the property so given became upon her death intestate estate.

In the case of *Mansfield* v. *Shelton*, 67 Conn. 390, the will under consideration contained the following provision: "All the rest and residue of my estate, both real and personal and wherever situated, I give, devise and bequeath to my said wife, to be used and appropriated by her, as much as she may wish for her happiness, without any restrictions or limitations whatsoever; and upon the decease of my said wife and after the payment of all her debts and the settlement of her estate I give, devise and bequeath whatever of property or estate of such residue and remainder shall remain undisposed of at the decease of my said wife to . . . in trust, . . . " The question was whether by this language an absolute or only a life estate in the residue vested in the widow. After reviewing numerous recent decisions of this court touching the question, and citing also *Chase* v. *Ladd*, 153 Mass. 126, and *Kent* v. *Morrison*, ibid. 137, it was held that only a life estate was given by this provision. The reasoning of the court in reaching that conclusion was, first, that the words, "as much as she may wish for her happiness, without any restriction or limitation," modified the preceding words of the clause in question, and showed it to have been the purpose of the testator to give to his widow the power of disposition of so much of the estate as she might wish for the promotion of her happiness during her life; second, that the gift over to the trustee of so much of the residue as should remain undisposed of at the death of his widow, indicated that it was not intended that the widow should take an absolute estate; and third, that the power of disposition did not render the estate conveyed an absolute one.

The language under consideration in the present case is in many material respects similar in its effect to that which was construed in the case cited. There are, however, certain words in the clause in question in the present case which even more strongly indicate an intention to create only a life estate than the language used in the case referred to.

In both cases there is, first, a devise to the wife of a residue, but not expressly given either for life or in fee; second, a power of disposition, expressed in the case cited by the words " to be used and appropriated by her, as much as she may wish for her happiness, without any restrictions or limitations whatsoever," and in the case at bar by the words " the right to sell and convey all or any part of my estate, either real or personal, or use the same in any manner she may see fit . . . ; " and third, a gift over, in the case cited, by the words " and upon the decease of my said wife . . . I give, devise and bequeath whatever of property or estate of such residue and remainder shall remain undisposed of at the decease of my said wife to . . . ," and in the case before us by the words " and at her death the balance, if any remains, to my lawful heirs." But while we find these elements of similarity in the two cases, the concluding words of the clause of the will in this case, namely, " during her lifetime," furnish even a stronger support for the claim that only a life estate was intended, than do the words which were held to create a life estate in the case of *Mansfield* v. *Shelton*, 67 Conn. 391.

We think that by the language used in the present case, the testator, having first given the residue of his estate to his wife without words of limitation, and to his lawful heirs what might remain at her death, has, in the remaining words of the clause, himself interpreted the language describing the estate conveyed to her, by saying, in effect, that he meant to convey to his wife the right to use the estate devised " in such manner as she might see fit during her lifetime," with " the right to sell and convey all or any part " of the estate to enable her to so use it; and that therefore by the devise in question she took only a life interest in the residue of her husband's estate. *In re Pounder; Williams* v. *Pounder*, 56 L. J. Ch. 113, 56 L. T. 104.

The devise and bequest to the testator's lawful heirs of the " balance," if any should remain upon the death of Sarah A. Hull, did not contravene the statute of perpetuities which was in force when the testator died. General Statutes,

§ 2952.   The word "heirs" as here used may properly be held to refer to those persons who were the heirs of the testator at the time of his death, and not those who might be his heirs at the death of Sarah A. Hull.   *Greene* v. *Huntington*, 73 Conn. 106, 113.   The estate given to Sarah A. Hull for life did not, therefore, become intestate estate upon her death. The devise to the lawful heirs of the testator is valid, and upon the death of Elisha Hull the title to said property vested in his heirs who were then living, namely, Idella Hull, afterwards Idella Hull Adams, and Isadora Hull, afterwards Isadora Hull Lathrop, subject to the life estate of their mother Sarah A. Hull.

As the property inventoried as belonging to the estate of Sarah A. Hull belonged to the estate of Elisha Hull, and is the property, a life estate in which was conveyed to his wife by the provision of his will in question, it is unnecessary to discuss the questions propounded in the complaint concerning the provisions of the will of Sarah A. Hull.

The Superior Court is advised that (*a*) Sarah A. Hull took under said provision of her husband's will a life estate only in the residue of his estate; that (*b*) the property so conveyed to Sarah A. Hull for life did not at her death become intestate estate; that (*c*) the devise to the lawful heirs of the testator upon the death of Sarah A. Hull is valid, and vested in those who were the testator's heirs at the time of his death the title to said property, subject to the life estate of Sarah A. Hull.

No costs will be taxed in this court.

In this opinion the other judges concurred.