ANDREW M. CLARK, ADMINISTRATOR, vs. EMMA J. BAKER ET ALS.

First Judicial District, Hartford, May Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A testamentary gift in fee will not be cut down to a lesser estate by subsequent provisions of uncertain or ambiguous meaning. To accomplish such a result the qualifying language itself must clearly indicate that the testator so intends.

In the present case a testatrix gave all her property, real and personal, to her husband, "his heirs and assigns, but it is my wish and desire that after his decease so much as is left unused by him be divided equally between our adopted son Roy H. Baker and Ethel G. Baker." *Held* that while the latter part of the clause was expressive of the testatrix's wish and desire that Roy and Ethel should share in the unused portion of the estate given to her husband, it fell far short of indicating a purpose on her part either to make such a disposition herself or to impose upon the husband a mandatory direction creative of a trust; and that the facts of record concerning the relation between Ethel and the testatrix, while suggestive in Ethel's behalf, could not avail to effect a bequest which the will itself withheld.

Declarations of a husband indicative of his understanding of the meaning which his wife gave to a clause in her will, are not competent evidence of its meaning or of her intent in using that particular language.

Argued May 1st—decided June 1st, 1917.

SUIT to determine the construction of the will of Mary E. Baker of Goshen, deceased, brought to and tried by the Superior Court in Litchfield County, *Bennett, J.;* facts found and judgment rendered adverse to the claims of Ethel G. Baker Palmer, from which she appeals. *No error.*

Mary E. Baker died July 7th, 1911, leaving a will duly probated by which she made the following disposition of her estate: "I give, devise and bequeath all of my estate both real and personal to my husband, Jacob Baker, his heirs and assigns, but it is my wish

and desire that after his decease so much as is left
unused by him be divided equally between our adopted
son Roy H. Baker and Ethel G. Baker." The hus-
band, Jacob Baker, was named executor without bonds.
The plaintiff is his successor by appointment of the
Court of Probate.

The testatrix and her husband, during their married
life, which covered thirty years, and down to her death,
occupied a farm in Goshen which, together with the
farm implements thereon and the household furniture
and appointments, Mrs. Baker had inherited from her
parents. They were childless. During the early years
of their married life they took to live with them and
bring up, the defendants Roy H. Baker and his sister
Ethel G. Baker Palmer, children of a niece of Mrs.
Baker. Ethel, who was born in 1884, was so taken
when she was about three years of age, and thereafter
remained with the Bakers until she was seventeen
years old, when she married. Roy, who was older
than Ethel, had been previously taken, and legally
adopted. Ethel was never adopted. The children,
whose name at birth was Payne, took the name of
Baker, and were brought up by the Bakers as if they
were their children. They addressed the Bakers as
father and mother, the relation between them and
their foster parents was cordial and like that between
parents and children, and no distinction between them
in that regard was made. After Ethel was married
she returned to the Baker home from time to time,
and whenever Mrs. Baker was sick Ethel was called
for, and always went and took care of her foster mother.
During Mrs. Baker's last illness Ethel returned and
cared for her until she died.

Mrs. Baker at her death owned the farm in Goshen,
together with the personal property thereon and other
personal estate.

After her death, Jacob continued to occupy the farm until September, 1913, when he married the defendant Emma Wilcox, his housekeeper. Thereafter they continued in the occupancy of the farm until Jacob's death, intestate, March 24th, 1915. No conveyance of the farm was made.

During the trial there was offered on behalf of Ethel a letter written to her by Jacob in September, 1913, subsequent to his remarriage, containing statements indicative of Jacob's understanding of his former wife's will and of Ethel's rights under it, and also of oral statements to the same effect made by Jacob to her subsequent to Mrs. Baker's death. This evidence, under objection, was excluded.

The advice of the Superior Court was asked in answer to the following questions: (a) Did Jacob Baker take an estate in fee in the real and an absolute estate in the personal property of said Mary E. Baker by said second clause of her will? (b) If said Jacob Baker did not take an estate in fee or an absolute estate by said clause of said will, did he take a life estate only? (c) Are Roy H. Baker and Ethel G. Baker, now Ethel G. Palmer, entitled to all of the estate of said Mary E. Baker at death of said Jacob Baker, and upon the completion of the settlement of her estate?

*John T. Hubbard,* for the plaintiff.

*Walter Holcomb,* for the appellant (Ethel G. Palmer).

*William W. Bierce,* for the appellees (Emma J. and Roy H. Baker).

PRENTICE, C. J. The disposing portion of the will under consideration is confined to a single sentence forming the second paragraph. In the first half of that

sentence the testator used language apt for a devise in fee of realty and for an absolute bequest of personalty. If the will had stopped at that point there could be no doubt that Jacob Baker, upon the death of his wife, became vested with the fee in her real estate and with the absolute ownership of her personal property. A devise in fee or absolute gift once made in terms may, however, be cut down to a lesser estate by subsequent provisions clearly indicating the testator's intent that the devisee or legatee should take by the will some lesser estate. *Plaut* v. *Plaut*, 80 Conn. 673, 677, 70 Atl. 52. The subsequent language to have this effect must not be of doubtful meaning or uncertain in its indication of the testator's intent. *Mansfield* v. *Shelton*, 67 Conn. 390, 394, 35 Atl. 271; *Strong* v. *Elliott*, 84 Conn. 665, 671, 81 Atl. 1020.

The subsequent words in this paragraph, forming the second half of the sentence, fail to satisfy these conditions. They are expressive of the testatrix's wish and desire that Roy and Ethel should share that portion of her estate which her husband left unused, but fall far short of indicating a purpose on her part either to make such disposition herself, or to impose upon her husband a mandatory direction creative of a trust. It is to be noted that the gift to her husband is made to him, his heirs and assigns. With that fact in view it is especially difficult to say that the will clearly indicates a testamentary intent that the husband should not take a transmissible estate.

The facts concerning the relation of Ethel to the testatrix disclosed by the record are, indeed, very suggestive of the former's deserts, and strongly indicative that the ends of fairness and justice would have been subserved by some testamentary remembrance of her. Apparently Mrs. Baker had it in her heart that Ethel should ultimately profit by receiving some share

of her estate should Jacob leave any unused. The difficulty of the situation is that such feeling on her part was not so adequately or clearly expressed that the law, with all of its liberality, can give it effect as a testamentary provision.

The testimony offered concerning Jacob's oral and written statements to Ethel, evidencing his understanding of his wife's will as giving him only a life estate with the remainder over in any unused portion to Ethel and her brother, was properly excluded. It was not competent evidence of Mrs. Baker's understanding of the meaning of her language used in the will, or of her intent in using it.

There is no error.

In this opinion the other judges concurred.