E. C. BIRGE, ADMINISTRATOR, *vs.* WESTPORT BANK AND TRUST COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

A life estate created by will is not to be enlarged to a fee, merely because a power of sale, however general or extensive, is coupled with it.

A testatrix left the residue of her estate, consisting of bank accounts, bank stock and real estate, to her husband "for and during his natural life, with power to sell and convey any part, or the whole thereof, and to use the avails of such sale or sales for his maintenance and support, if such sale and use shall at any time become necessary, of which necessity he is to be the sole judge." During his lifetime, the husband transferred the bank accounts and bank stock to his own name and conveyed the real estate to his second wife for a nominal consideration, but, at no time, was any portion of the property required or used by him for his maintenance and support. *Held* that the husband acquired merely a life estate under the will with a limited power of disposal which he had exceeded; that his estate must account for the personal property; and that the deed of real estate was null and void.

Argued April 15th—decided June 2d, 1924.

SUIT to set aside and cancel a deed of real estate and to recover personal property, alleged to belong to the estate of the plaintiff's testatrix, brought to and tried by the Superior Court in Fairfield County, *Haines, J.;* facts found and judgment rendered for the plaintiff,

and appeal by the defendant Frances B. Hanford individually and as administratrix *c. t. a.* of Chauncey E. Hanford, deceased.  *No error.*

*William F. Tammany* and *John J. Cuneo,* for the appellant (defendant).

*James T. Hubbell* and *Ira O. Gregory,* for the appellee (plaintiff).

KELLOGG, J.  On January 12th, 1918, Mary Frances F. Hanford died, leaving a will appointing as executor her husband, Chauncey E. Hanford, who duly qualified. By the seventh clause of her will, she disposed of the residue of her estate as follows:  "All the rest, residue and remainder of my estate of every kind and character, I give, devise and bequeath to my husband, Chauncey E. Hanford, for and during his natural life, with power to sell and convey any part, or the whole thereof, and to use the avails of such sale or sales for his maintenance and support, if such sale and use shall at any time become necessary, of which necessity he is to be the sole judge.  All of said estate remaining after the decease of my said husband, if any there shall be, I give, devise and bequeath, one half to my said sister, Sarah J. Meeker, and one half to the children of my deceased sister, Martha L. Godfrey."

Part of the estate of the testatrix consisted of three shares of the capital stock of the Westport Bank and Trust Company, deposits in three savings-banks and a certain tract of land in Westport, in Fairfield County, containing about two and one half acres.  About one month after the death of this testatrix, Chauncey E. Hanford, as executor, transferred the three savings-bank accounts to accounts in his own name, leaving $1,000 in each bank in his name and drawing out the

remainder in cash, and also transferred the three shares of bank stock to his own name. From the date of such transfers Chauncey E. Hanford drew interest on said accounts and received the income of said bank stock, but the principal of said accounts remained intact to the date of his death.

On December 30th, 1920, Chauncey E. Hanford married Fannie B. Hanford, one of the defendants in this action, and on or about April 20th, 1922, for the consideration of $1, executed and delivered to this wife, Fannie B. Hanford, a warranty deed of the aforesaid tract of real estate, and it is to recover this real estate and the foregoing personal property that this action is brought.

The question to be now determined is the extent of this interest in the real estate and personal property granted Chauncey E. Hanford by the terms of the seventh clause of the will of Mary Frances F. Hanford. It is the contention of the appellants that the power given to Chauncey E. Hanford to sell and convey any part or the whole of the residue of his wife's estate and to use the avails of such sales for his maintenance and support, if such sales and use shall at any time become necessary, of which necessity "he is to be the *sole judge*," practically gave him the power to convey this real estate in fee, and to convert all the personal property to his own name without any review by any court.

This contention cannot be upheld, as courts have repeatedly reviewed and passed upon similar clauses in wills. In *Hull* v. *Culver*, 34 Conn. 403, there was the following clause in the will of Elizabeth Culver: "I give all my estate to my beloved husband, Ransom Culver, to use and improve during his natural life, and if he should want for his support to sell any part or the whole of it for his maintenance, my will is that it shall be at his disposal"; and in the opinion of the court it is

said: "If she had designed to give her husband the entire estate, it would have been very easy and very natural for her to have said it in short and direct terms, or to have placed the disposal of it at his discretion without imposing a condition. But she gives him the disposal only 'if he should want for his support to sell any part or the whole of it for his maintenance.' This language very clearly implies a limitation or restriction of the power to a case of necessity. The sale is to be proportioned to the extent of the necessity. This defendant, however, urges, certainly not without plausibility, that the husband was to be the sole judge of his necessity. But as we understand it, the contingency was to be his actual need and not his expectation or opinion of it. The authorities on this point seem to be conclusive. 1 Hilliard on Real Property, ch. 57, sec. 9; *Minot* v. *Prescott,* 14 Mass. 496; *Stevens* v. *Winship,* 1 Pick. [Mass.] 318; *Larned* v. *Bridge,* 17 Pick. [Mass.] 339."

A testator in his will left to his wife the "use, rents, interest and income" of his residuary estate "with liberty and authority to use as much of the principal . . . as she may desire for her personal comfort," and with power to sell and convey and "use and invest the avails of all sales as she may think will best promote her happiness and enjoyment," and then he gave "whatever remains afterwards" to his oldest daughter Abby. We held that under these provisions the wife took a life, not an absolute, estate in the residue; that the term "for her own personal comfort" meant for her personal support; and hence that she had no power to make a gift of any part of the property, and whatever remained at her death went to the daughter Abby. *Bishop* v. *Groton Savings Bank,* 96 Conn. 325, 114 Atl. 88.

"A life estate expressly created will not be converted

into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive." *Mansfield* v. *Shelton*, 67 Conn. 390, 394, 35 Atl. 271; *Peters* v. *Abbott*, 94 Conn. 363, 370, 109 Atl. 131.

In *Welsh* v. *Woodbury*, 144 Mass. 542, 11 N. E. 762, a testator by his will gave to his wife "the use and income, during her natural life, of all my property and estate for her support, comfort, and enjoyment, or for any other purpose as she may in her judgment deem necessary; and if said income shall in her judgment be insufficient for her support, comfort, enjoyment, or for any other purpose for which she may wish to spend money, it is my will that she may spend the proceeds arising from the sale of any of my personal or real estate," and gave one half of the residue remaining at his wife's death to his sister. The court held that the testator's wife took a life estate coupled with a power, and that the limitation to his sister was valid.

Paragraph thirteen of the finding, which has not been attempted to be corrected, sets forth that "at no time after the death of the said Mary Frances F. Hanford was any portion of the property so taken over by Chauncey E. Hanford required or used by him for his 'maintenance and support.'" This refers to the real estate conveyed by him to his second wife for the consideration of $1 and to the deposits in the several savings-banks in his name and to the shares of stock of the Westport Bank and Trust Company.

In view of the power of the Superior Court to review the action taken by Chauncey E. Hanford in conveying away the real estate for a nominal consideration and in transferring the personal property in question to his own name, without using any part of it for his maintenance and support, and in view of the finding of the

court as above set forth, it must be held that this con-
veyance of real estate to Fannie B. Hanford was not in
any way for the maintenance and support of Chauncey
E. Hanford and did not come at all within the provisions
of the will and therefore conveyed no title to Fannie
B. Hanford, and further that the personal property,
consisting of these three shares of stock of the Westport
Bank and Trust Company and three savings-bank
accounts, not having been used for the maintenance
and support of Chauncey E. Hanford, should be de-
livered to the plaintiff.

There is no error.

In this opinion the other judges concurred.