EDWARD KEITH BURLEY ET AL. *v.* WALTER N. MAGUIRE, EXECUTOR AND TRUSTEE, ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 2—decided November 6, 1940.

*Joseph L. Melvin,* for the plaintiff.

*Thomas J. Ryle,* with whom was *Peter J. Ryan,* for the defendants.

MALTBIE, C. J.   The ultimate issue presented by this reservation concerns the rights of the parties to a fund resulting from a sale of certain pieces of real estate formerly owned by Edith L. Burley, now deceased, and included in the provisions of her will. After Mrs. Burley's death the executors of her estate filed a final account which was accepted by the Court of Probate and thereafter Clarence A. Burley, her husband, entered into the use and enjoyment of all the property of the deceased remaining after the administration, including various pieces of real estate, although these were not formally distributed to him. He sold some of the real estate and after his death the executors upon his estate sold certain other pieces. The proceeds of the sales by the executors constitute the fund in question.   The disputed portions of the will are contained in two paragraphs quoted in the footnote.[1]   The parties before us are Edward Keith

---

[1] Second:   I direct my executors and trustees hereinafter named to pay, or to provide in some manner as may be designated by the

Burley, referred to in the will as the testatrix's son but in fact her stepson, and persons who claim under the testatrix's husband, now deceased. They are in agreement that sufficient provision has been made for the annuity given in the second paragraph to Lucy H. Bard. It would seem, however, that the rights to the fund in question in this case should not finally be determined by the judgment of the Superior Court in an action to which she is not a party. Any right she might have would, however, have priority over the rights of all now parties to this action and she has no interest in the subordinate questions presented as to their respective rights under the provisions of the third paragraph of the will. The determination of these questions is necessarily involved in the judgment ultimately to be entered and we have decided to entertain the reservation so far as necessary to answer them.

It is claimed by the defendants that the provisions of the third paragraph of the will gave to the testa-

---

proper court for the payment, to my sister, Lucy H. Bard of Mount Vernon, New York, the sum of Fifty (50) Dollars per month so long as she may live.

Third: All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my husband Clarence A. Burley of Stamford, Connecticut, to be his and for his use and benefit with the proviso, however, that such of my estate if any, as may be in the possession of my husband at the time of his decease, I give, devise and bequeath to my son, Edward Keith Burley, also of said Stamford, Connecticut. It is my will and intention that my said husband shall have the right to enjoy, use and possess such of my property as may come into his possession by virtue hereof in any way and manner as he may wish, hereby vesting him with the power of sale and disposition thereof for his own benefit. It is my further wish that such of my property which is in the possession of my husband at the time of his death, and which he has come into possession of by virtue hereof, shall descend to my son, Edward Keith Burley. I further direct that no bonds of any description shall be required of my husband for the safe keeping or delivery to my son, Edward Keith Burley, of any of the property herein bequeathed to him, my said husband, by me.

trix's husband, Clarence A. Burley, an absolute title to the property, and by the plaintiffs, that Mr. Burley took only a life estate with power to use or dispose of the property for his benefit but that the son had a vested right to any portion of the property which might not be used or disposed of by the husband. It is not possible to read the provisions of the will in question without coming to the conclusion that the latter contention is correct. In the first sentence of the paragraph, the testatrix uses the same language, "give, devise and bequeath," with reference to the interest the son should have in the property as she uses at the beginning of the paragraph in making provision for her husband, and these words, taken in their ordinary meaning, have the effect of definitely vesting the property in the son. The expression of the testatrix's intent that her husband should have the right to use, enjoy or dispose of the property would be unnecessary had she meant to give him absolute title to it. The provision at the end of the paragraph that no bond should be required of him "for the safe keeping or delivery to my son" of any of the property, clearly implies that she regarded her husband as owing a duty to the son to keep so much of it as not needed by him for the son's benefit, so that he may receive it at the husband's death. The only doubt which could be suggested arises out of the word "wish" in the next to the last sentence. That word no doubt is primarily precatory in its significance; but its use with such a meaning is not invariable and if, from the whole instrument, it can be seen that it expresses the definite will of the testator, it is to be given that effect; *Cumming* v. *Pendleton*, 112 Conn. 569, 573, 153 Atl. 175; and even in the very sentence where the word occurs, the use of the expression that the property "shall descend" to the son suggests that the provision is more

than precatory. When the whole paragraph is read, it is evident that the testatrix intended to give her husband a life use of the property with full power to use or dispose of it for his benefit but to vest in the son the right to so much of it as might remain at her husband's death.

Those succeeding to the husband's estate rest their contention quite largely upon two recognized principles: First, that where a testator makes an absolute gift of property he cannot thereafter create any further interests in or limitations upon it; *Mansfield* v. *Shelton*, 67 Conn. 390, 394, 35 Atl. 271; *Fanning* v. *Main*, 77 Conn. 94, 99, 58 Atl. 472; *Colonial Trust Co.* v. *Brown*, 105 Conn. 261, 278, 135 Atl. 555; and, second, that a clear gift of an absolute interest in property will not be cut down to a lesser estate by mere implication from a later provision which is uncertain or ambiguous. *Mansfield* v. *Shelton*, supra; *Fanning* v. *Main*, supra; *Clark* v. *Baker*, 91 Conn. 663, 666, 101 Atl. 9; *Meriden Trust & Safe Deposit Co.* v. *Squire*, 92 Conn. 440, 446, 103 Atl. 269; *Peyton* v. *Wehrhane*, 125 Conn. 420, 426, 6 Atl. (2d) 313. Neither principle applies here. The first sentence of the paragraph expresses a single intention, to give the property to her husband with full power to use or dispose of it for his benefit, but with the limitation that should any of it remain in his possession at his death the son is to receive it; and in that sentence the gift of the remainder interest to the latter is as definite as is that made to the husband at its beginning. The case falls within the latter portion of the third proposition in *Mansfield* v. *Shelton*, supra, 394, that language which standing alone would be sufficient to create an absolute title to property may be restricted so as to pass a lesser interest by "language clearly indicating intent and equivalent to a positive

provision." See *Adams* v. *Lillibridge,* 73 Conn. 655, 49 Atl. 21; *Thames Bank & Trust Co.* v. *Adams,* 125 Conn. 656, 659, 7 Atl. (2d) 836; *Brown* v. *Potter,* 114 Conn. 441, 444, 159 Atl. 275; *West Haven Bank & Trust Co.* v. *McCoy,* 117 Conn. 489, 494, 169 Atl. 49. There is, of course, no question that a valid remainder interest in property remaining at the termination of a life estate may be created even though the life tenant is given the right to use or dispose of it. *Bishop* v. *Groton Savings Bank,* 96 Conn. 325, 114 Atl. 88; *Birge* v. *Westport Bank & Trust Co.,* 101 Conn. 39, 42, 124 Atl. 846; *Brown* v. *Potter,* supra; *West Haven Bank & Trust Co.* v. *McCoy,* supra. Those claiming under the right of the husband particularly stress the case of *Clark* v. *Baker,* supra, but in that case the gift to the first taker was expressed to be to "his heirs and assigns" and this was followed by a "wish and desire," clearly precatory in its intent, that others should receive any of the property not used by him.

To the first and second questions propounded to us in the reservation, we answer that Clarence A. Burley had a life estate in the property given in the third paragraph of the will with power to use or dispose of it for his benefit, but that the right to any property received by him from the testatrix and remaining in his possession at his death vested in Edward Keith Burley.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.