Estate of Morton H. Spero, Bryna S. Spero, Executrix, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 67912. Filed September 26, 1960.

*Herbert L. Cohen, Esq.*, for the petitioner.
*James E. Markham, Jr., Esq.*, for the respondent.

#### OPINION.

Arundell, *Judge:* Respondent determined a deficiency in estate tax in the amount of $9,094.50.

The only issue remaining for our decision is whether that part of the marital deduction claimed by petitioner on account of a certain trust created by decedent in his will is allowable under the provisions of section 812(e)(1)(F), I.R.C. 1939, as amended. The parties agree that all the other issues assigned will be disposed of in the computation to be made under Rule 50. All the facts pertaining to the marital deduction issue were stipulated.

Morton H. Spero, hereinafter sometimes referred to as decedent, died testate February 29, 1952. He was survived by his widow, Bryna S. Spero (now Lasner), and a son, Mark Spero, who was born posthumously. Letters testamentary were granted March 24, 1952, by the Westport Probate Court, Westport, Connecticut, to the widow as executrix. The estate tax return was filed with the director of internal revenue for the district of Connecticut by the executrix on May 5, 1954.

Decedent and Bryna were married on July 30, 1950. On the day before the marriage, decedent executed his last will and testament. He died in an airplane accident on February 29, 1952, at the age of 32. Among other things, decedent's will provided:

EIGHTH: I give and bequeath to my wife, BRYNA, all of my household furniture, furnishings, automobiles, jewelry and personal effects of every description whatsoever, except cash, bonds, stocks, notes, credits and other choses in action, to be hers absolutely and forever.

NINTH: All the rest, residue and remainder of my property and estate, real, personal and mixed, of whatsoever the same may consist and wheresoever situated, I give, devise and bequeath to my Trustees hereinafter named, in trust, nevertheless, and to and for the uses and purposes following; that is to say:

To hold and manage the same as two separate trust funds, subject to the limitation contained in Paragraph F hereof, one of which shall be designated "First Trust" and the other to be designated "Second Trust", with full power and authority hereby granted to invest and reinvest the same * * *.

The value of the "First Trust" shall be computed as the amount of the maximum marital deduction allowable in determining the Federal Estate Tax on my estate, diminished by the value of all other items which qualify for said deduction and which pass or have passed to my wife under other provisions of this Will or otherwise. * * *

A. With respect to said "First Trust", I direct my Trustees to hold the same, separately in trust, to collect the income thereof and to pay over to my wife, during her life, all of the income of this Trust in quarterly installments, or oftener, in the discretion of the Trustees. I further authorize and empower my Trustees to use so much of the principal of this Trust as may be necessary at any time, in their discretion, to provide for the reasonable needs and comfortable maintenance of my said wife, and of any of my children, in the event that the income from this Trust shall, in their discretion, be insufficient to provide properly for her or their comfortable care, maintenance and support; and upon the death of my said wife, to dispose of the then remaining principal of the said "First Trust" as she may appoint by her Last Will, outright or otherwise, and in favor of her estate or any other appointee or appointees.

B. I hereby give to my surviving wife the power to appoint the entire remaining principal of this "First Trust" upon her death, in any manner which she may appoint by her Last Will, either outright or otherwise, and in favor of her estate or any other appointee or appointees.

* * * * * * *

D. The "Second Trust", which shall come into existence only if, at the time of my death, there shall be a child or children surviving me or in gestation, shall constitute and comprise all of my residuary estate not includable within the definition of the "First Trust" * * *.

* * * * * * *

F. If, at the time of my death, there shall be no children of mine surviving me, then the portion of my residuary estate which would have formed the "Second Trust", as set forth herein, I give, devise and bequeath to my sister * * *.

* * * * * * *

ELEVENTH: I hereby nominate and appoint my wife, BRYNA, as Executrix of this, my Last Will, and I nominate and appoint my said wife and THE STERLING NATIONAL BANK OF NEW YORK to act jointly as Trustees of the Trusts set up herein * * *.

TWELFTH: I further direct that my forthcoming marriage to Bryna Jane Samuels and the subsequent birth of a child or children to us, or the adoption of a child or children by us, shall not operate as a revocation of this Will.

The estate tax return, "Schedule O," contains the following recapitulation:

| Schedule | Gross Estate | Value |
|---|---|---|
| C | Mortgages, notes, and cash | $1,892.95 |
| D | Insurance | [1] 16,991.81 |
| F | Other miscellaneous property | [1] 110,922.84 |
| | Total gross estate | 129,807.60 |

| Schedule | Deductions | Amount | |
|---|---|---|---|
| J | Funeral and administrative expenses | $10,033.68 | |
| K | Debts of decedent | 224.10 | |
| | Allowable amount of above deductions | | $10,257.78 |
| M | Bequests, etc., to surviving spouse | 66,206.70 | |
| | Adjusted gross estate ($129,807.60 less $10,257.78) | 119,549.82 | |
| | Net amount deductible ($66,206.70 or ½ of $119,549.82, whichever is smaller) | | 59,774.91 |
| N | Charitable, public, and similar gifts and bequests | | 4,500.00 |
| | | | 74,532.69 |

[1] Respondent determined the value of the insurance to be $16,935.23 and the value of the other miscellaneous property to be $134,571.39. The parties agree that the correct amounts, if different from respondent's determination, will be used in the computation to be made under Rule 50.

The respondent determined that the bequests, etc., to the surviving spouse were $19,656.23 [1] and that since this amount was smaller than one-half of the adjusted gross estate, the respondent determined that petitioner was entitled to a martial deduction of $19,656.23 instead of the amount of $59,774.91 claimed by petitioner in the estate tax return. In the statement attached to the deficiency notice, the respondent said, in part:

It is determined that the marital deduction claimed by the taxpayer on account of trust created by the decedent in his will is not allowable under the provisions of Section 812(e)(1)(F) of the Internal Revenue Code of 1939. * * * The marital deduction shown in the return has been recomputed, since it is held that the value of the "First Trust" under Article Nine of the will is not allowable * * *

[1]
| Personal effects: | | |
|---|---|---|
| Automobiles | | $2,621.00 |
| Clothing, etc | | 100.00 |
| Insurance proceeds | | 16,935.23 |
| Total | | 19,656.23 |

The applicable provisions of section 812 (e) (1) (F) of the Internal Revenue Code of 1939, as amended by section 93 (a), Technical amendments Act of 1958, are printed in the margin.[2]

Subsection (e) of section 812 was added to section 812 of the 1939 Code by section 361 of the Revenue Act of 1948. The Report of the Finance Committee on the bill which became the Revenue Act of 1948 (S. Rept. No. 1013, Part 2, 80th Cong., 2d Sess.) contains the following statement regarding subparagraph (F) of section 812 (e) (1):

These provisions have the effect of allowing a marital deduction with respect to the value of property transferred in trust by or at the direction of the decedent where the surviving spouse, by reason of her right to the income and a power of appointment, is the virtual owner of the property. This provision is designed to allow the marital deduction for such cases where the value of the property over which the surviving spouse has a power of appointment will (if not consumed) be subject to either the estate tax or the gift tax in the case of such surviving spouse.

Petitioner contends that the surviving spouse in the instant case was the "virtual owner of the property" transferred to the First Trust and that, therefore, the estate is entitled to that part of the

---

[2] SEC. 812.   NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*      \*      \*      \*      \*      \*      \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

\*      \*      \*      \*      \*      \*      \*

(F) Life Estate With Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A) be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

marital deduction disallowed by the respondent. The respondent contends otherwise. He contends that the surviving spouse was not the virtual owner of the property for the reason that the power in the surviving spouse to appoint was not exercisable by her alone and in all events, but was limited to that part of the principal of the First Trust remaining after any invasion by the trustees, for the benefit of any of decedent's children, that might have occurred. We agree with the respondent.

It is a well-known axiom that deductions are a matter of legislative grace, and a taxpayer seeking the benefit of a deduction must meet every condition which Congress has seen fit to impose. *New Colonial Ice Co.* v. *Helvering*, 292 U.S. 435; *Deputy* v. *duPont*, 308 U.S. 488. It is not enough that the conditions so imposed by the statute are on the brink of being met. In subparagraph (F), Congress provided that "This subparagraph shall apply *only* if such power in the surviving spouse to appoint * * * is exercisable by such spouse *alone and in all events*." (Emphasis supplied.) Regulations 105, section 81.47a(c), lists five conditions which must be satisfied before the marital deduction can be allowed. Conditions (3), (4), and (5) are as follows:

(3) The surviving spouse must have the power, exercisable in favor of herself or of her estate, to appoint the entire corpus free of the trust.

(4) Such power in the surviving spouse must be exercisable by such spouse alone and * * * must be exercisable in all events.

(5) The corpus of the trust must not be subject to a power in any other person to appoint any part thereof to any person other than the surviving spouse.

These regulations were considered and approved by us in *Estate of Louis B. Hoffenberg*, 22 T.C. 1185, affirmed per curiam 223 F. 2d 470 (C.A. 2).

In the instant case the power in the surviving spouse to appoint was not exercisable by Bryna "in all events." The will specifically authorized and empowered the trustees "to use so much of the principal of this Trust as may be necessary * * * to provide for the reasonable needs and comfortable maintenance of * * * any of my children * * * and upon the death of my said wife, to dispose of the *then remaining principal* * * * as she may appoint * * *." (Emphasis supplied.) This was a limited power to invade or appoint the entire corpus to the surviving spouse and as such bars the allowance of the deduction here sought. *Estate of Theodore Geddings Tarver*, 26 T.C. 490, 502–506, affirmed on this issue 255 F. 2d 913 (C.A. 4); *Estate of E. W. Noble*, 31 T.C. 888; *Estate of Elwood Comer*, 31 T.C. 1193; *Estate of Ralph G. May*, 32 T.C. 386; *Estate*

*of Thomas J. Semmes*, 32 T.C. 1218; Regs. 105, sec. 81.47a(c), *supra.*

The theory behind the allowance of the marital deduction is that by allowing a deduction to the decedent's estate for property passing from the decedent to the surviving spouse, such property will later (if not consumed by the surviving spouse) be subject either to the estate tax or the gift tax in the case of such surviving spouse. S. Rept. No. 1013, *supra.* Congress specifically provided, in section 812 (e)(1)(B)(i), that no deduction shall be allowed in the case of property which passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent "to any person other than such surviving spouse (or the estate of such spouse)." Subparagraph (F) was intended as an exception to subparagraph (B) in the case of certain trusts. S. Rept. No. 1013, *supra.*[3] But this exception is surrounded by a number of technical limitations which must be observed meticulously such as conditions (3), (4), and (5) of Regulations 105, section 81.47a(c), *supra.* These regulations also provide that:

> The trust will fail to satisfy condition (5) if the decedent created a power in the trustee, or in another person, to invade the corpus of the trust for the benefit of any person other than the surviving spouse. * * *

It is our opinion that the decedent's will clearly authorized and empowered the trustees to invade the corpus of the trust here in question for the benefit of any of his children in the event that the income from the trust be insufficient to provide properly for their comfortable care, maintenance, and support. Such expressed intention of the testator negatives petitioner's contention that the surviving spouse was given an unlimited power to appoint the entire corpus free of the trust. This view is in general accord with the views expressed by the courts of Connecticut. See *Mansfield* v. *Shelton*, 67 Conn. 390, 35 Atl. 271; *Burley* v. *Maguire*, 127 Conn. 242, 16 A. 2d 358.

We hold petitioner is not entitled to that part of the marital deduction disallowed by the respondent.

*Decision will be entered under Rule 50.*

---

[3] "Subparagraph (F) of section 812(e)(1) also provides an exception to the terminable interest provisions of subparagraph (B) of such section. This exception is for the purpose of allowing the marital deduction in the case of certain trusts where the surviving spouse has a power of appointment. The other provisions of section 812(e)(1) are still applicable generally to interests passing to the surviving spouse in trust. For example, if the decedent by a transfer in contemplation of death creates a trust providing for all the income thereof to be paid to his spouse for 10 years and upon the end of such 10-year period or the prior death of the spouse the trust is to terminate and the corpus is to be paid to his spouse or her estate, the marital deduction is allowable, even though at the time of death the trust is still in effect. In this case, although the interest of the spouse in the trust for 10 years is a terminable interest, *no person other than the surviving spouse has an interest in the trust.* The value of the spouse's interest in the corpus is includible in the marital deduction under subparagraph (A) of section 812(e)(1) inasmuch as it is not a terminable interest." (Emphasis supplied.)