ADDIE BURR CLARK ET ALS. *v.* THE HARTFORD-CONNECTICUT TRUST COMPANY, TRUSTEE, ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 26—decided July 25, 1940.

*Charles Welles Gross,* for the plaintiffs.

*Denis T. O'Brien, Jr.,* for the defendant Fred A. Willcox, executor.

MALTBIE, C. J. Willie O. Burr died November 27, 1921, leaving a will in which he made various bequests to certain beneficiaries he named and many charitable organizations; he gave to his wife his home, with the personal property in connection with it; and devised and bequeathed the residue of his estate to her for her life. The will continued as follows: "After the death of my wife, or in case she be not living at the time this will takes effect, then I direct said rest and residue to be divided into four equal parts. One of said fourths I direct shall be divided equally among the legatees who are named in Paragraph 2 of this will or the survivors of them," the remaining three-fourths being given in trust for certain charitable organizations. In Paragraph 2 of the will he made bequests of $5000 each to nine persons whom he named describ-

ing them as "relatives of myself or my wife." Three of
them were his own first cousins; two were sons of his
first cousins; one was the widow of a first cousin; and
two were nephews and one a niece of his wife. He left
surviving many other cousins not mentioned in his
will. After his death, but before that of his wife, four
of the legatees named in Paragraph 2 died. The Court
of Probate made an order for the distribution of the
fourth part of the residue in question, which directed
that it be divided into nine parts, one part to go to
each of the legatees named who survived the widow
and one part to the estate of each of the four legatees
named who died before her. From that order the five
legatees named who survived appealed to the Superior
Court. The case has been reserved, and the primary
question submitted to us for our determination is
whether the share in the residue given to a legatee who
died before the widow is to be distributed to his estate,
or whether the whole is to be divided among the five
who survived her.

The question at issue resolves itself into an inquiry
whether the word "survivors" has reference to the
time of the death of Mr. Burr, or to the time of the
death of Mrs. Burr. In *White* v. *Smith*, 87 Conn. 663,
89 Atl. 272, we had before us a will by the provisions
of which portions of an estate given for certain life
uses would, in the event of the decease of certain life
tenants either prior or subsequent to their coming into
the enjoyment of the property given for their respec-
tive uses, "be equally divided between the three chil-
dren of my brother George M. Totten, viz: Gilbert T.
Totten, Marie E. E. Totten and Harriette S. I. Totten
or as many as may be living at that time, to hold to
their heirs and assigns forever." While that will did
not use the word "survivor," the opinion treats the
question of its construction upon the same basis as

though it had provided that at the termination of the life uses the property should be divided equally among the three children named or the survivor or survivors of them. Several English cases were cited and it was pointed out that in the wills under consideration provision was made in favor of a number of persons or the survivor or survivors of them at the termination of the preceding estates and that the provision was regarded as the same in legal effect as that which appeared in the will then before the court. The opinion referred, also, to American cases, where the language of the wills in question differed from that in the will before the court only in that the gift over was either to a number of persons or the survivor or survivors of them, or to a number of persons, with provision that in case of the death of any of those designated before the estate should vest in enjoyment, the children or issue of the deceased would take in his or her stead. It was further pointed out that a gift to a group or the survivor or survivors of them had the effect of creating a vested interest in the original donees with a substitutionary provision in the event of the death of one or more of them before the time of the vesting in possession arrived; or, to state it another way, the members of the original group took vested interests, subject only to a divesting in the contingency of their death before the time arrived when the gift took effect in possession. It is not possible to regard this decision otherwise than as authority for the proposition that where a will provides that at the conclusion of a life estate property shall be divided among a group of named legatees or such of them as survive, the provision for survival relates to the situation as it exists at the termination of the life estate and that each of the group named takes a vested interest, subject to defeasance should he die before that time.

In *Brown* v. *Potter*, 114 Conn. 441, 159 Atl. 275, we had before us a will giving the residue of the testator's estate to his wife to be used and enjoyed by her as her own property, with full power to enjoy and dispose of it in any manner except by will, with a further gift, upon the death of the wife, of all the estate then remaining to the testator's surviving nephews and nieces and the surviving nephews and nieces of his wife, to be equally divided between them share and share alike. We held that the estate remaining at the death of the wife passed only to nephews and nieces surviving at that time. That this accords with the decided weight of authority in this country appears from the very inclusive note 114 A. L. R. 4, and the general rule is stated at page 54 as follows: "In the later English cases and in the greater number of American jurisdictions the presumption is that words of survivorship refer to the period of distribution of the estate in remainder unless a special intent to the contrary is found in the will." In *Brown* v. *Potter* we made a quotation from *Denny* v. *Kettell*, 135 Mass. 138, in the course of which it is said: "The word 'surviving' more naturally relates to that time when the residue was to be ascertained and distributed"; and that so to construe it is to give the words their natural and ordinary meaning has been pointed out in a number of cases. 114 A. L. R. 59, note. With that conclusion, we are in full accord. Moreover, in the case of a simple provision creating a life use with a gift of the property at the death of the life tenant, to be divided among a group of named legatees or the survivor or survivors, to hold that the survival is to be related to the death of the testator would be to assume that in the making of the provision the testator had in mind two distinct times, that of the death of the life tenant as being the time when the property should be divided, and that of his own

death, as being the time when the matter of survivorship should be determined; and such a conclusion, in our judgment, would not accord with the ordinary workings of the human mind.

Starting, then, with the proposition that unless the will indicates a contrary intent the matter of survivorship is related to the time when the residue is to be divided, rather than to that of the death of the testator, we turn to the will to see if there are definite indications in it of the intent of the testator. In the first place, it is to be noted that in the situation before us to apply the usual rule of interpretation would not involve attributing to the testator an intent to disinherit the descendants of his own blood, because none of the legatees named were his descendants. Nor is there any substantial reason for construing the words of survivorship as relating to the testator's death on the ground that thereby partial intestacy might be avoided; when the testator died, his widow was seventy-two years old, and it would be extremely unlikely that all of the nine legatees named in the second paragraph would die before her. The provision that the one-fourth part of the residue in question should be divided "equally" among the legatees or the survivors of them, applies as well to a division among those who might survive the life use of the widow as it would were the provision to be construed to apply to those who survived at the testator's own death. On the other hand, the will before us is rather unusual in that nowhere in it does the testator make any provision for the heirs, issue, or legal representatives of the beneficiaries he names. He selected from among the "relatives of myself or my wife" nine persons to be the recipients of his bounty, leaving out others just as nearly related to him as were any of the legatees. The will bears all the earmarks of an intention to

make gifts simply to the particular persons whom he names as legatees, and to hold that in the provision in question the survivors who can take are to be determined at the death of his widow is to do no more than carry out his apparent intent to benefit them as individuals, without regard to any descendants they might leave, should they die before his estate is divided.

No purpose would be served by answering the specific questions propounded in the reservation. We advise the Superior Court that only those of the nine legatees named in Paragraph 2 of the will who were surviving at the death of the testator's widow are entitled to share in the distribution of the fourth part of the residue of the estate in question, and that the order of distribution made by the Court of Probate was in error.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.