THE HARTFORD-CONNECTICUT TRUST COMPANY ET AL. (ESTATE OF WILLIE O. BURR) *v.* CHARLES J. McLAUGHLIN, TAX COMMISSIONER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 7—decided April 4, 1941.

*Ralph O. Wells,* for the appellant (plaintiff).

*Louis Weinstein,* assistant inheritance tax attorney, with whom, on the brief, was *Francis A. Pallotti,* attorney general and *Frederic W. Dauch,* deputy tax commissioner, for the appellee (defendant).

ELLS, J. Willie O. Burr died testate November 27, 1921, possessed of a large estate. His will provided for many outright bequests to individuals and to charitable institutions. He gave the homestead and its furnishings, and the sum of $50,000 to his wife, to be hers absolutely, and the income from the entire residue of the estate for life. Upon her death, one-fourth of the remainder went to the legatees mentioned in clause 2 of the will, and three-fourths to specified charitable institutions. In December, 1922, the tax commissioner computed the succession tax, and assessed a tax of $5443.28 on the widow's outright share, $3354.12 against the legacies provided in clause 2, and $39,712.48 against miscellaneous bequests. The gift of the residue to Mrs. Burr for life was properly treated as a transfer to her and a tax of $57,644.22 was assessed. General Statutes, Rev. 1918, § 1266. These taxes were paid. There was a notation upon the computation stating that the tax would be subject to modification upon the death of the widow.

She died August 10, 1939, and on October 17, 1939, the tax commissioner made a recomputation of the succession tax. The result, in so far as it affects this appeal, was that the widow's estate became entitled to a rebate of $2494.04 on the tax previously assessed and paid on the outright gifts to her; and the fund held for her life estate, three-fourths of which now passed to tax exempt charitable institutions, became entitled to a rebate of $57,644.22. The remaining one-fourth went to legatees mentioned in clause 2 of the will. They were in a class subject to a higher tax than the widow's class, and were assessed an increased tax of $29,157.45. This was all done under the provisions of § 1266, supra. It was also found that an additional tax totalling $1195.14 was due from the miscellaneous legatees, who had paid the tax originally assessed, and

took no additional estate upon the termination of the life estate.

The tax commissioner submitted to the Probate Court a computation in which the decreases and increases were stated; the latter were deducted from the former, leaving as a net refund the sum of $29,785.67. The court directed that this be paid to the executor of the estate. From that decree it appealed to the Superior Court and that court reserved the case. The executor takes the position that in the adjustment of the tax burden upon the various legatees it will be compelled, under the decree, to distribute to each of them who is entitled to a refund the amount due him or her and to collect from each upon whose legacy a greater tax has been levied its amount; and that as the original decree as to the payment of taxes was made shortly after the testator's death in 1921 it will very likely be impossible in some instances for it to collect these amounts. It contends that the burden is on the state and not on it to collect the additional sums assessed from the legatees bound to pay them. The testator died in November, 1921, and the question must be determined upon the basis of the law as it then stood. General Statutes, §§ 1400, 1401; Cum. Sup. 1939, § 407e.

Section 1266 relates only to life estates with remainder over, and provides that where recomputation of the tax is made at the death of a life tenant, if there is an increase of the tax, simply that the amount due "shall be paid"; but if the tax is decreased that "the state treasurer shall pay to the person or persons to whom the remainder passes" the amount of any sum due; and if the gift in remainder is exempt, then the state treasurer shall pay the refund "to the person or corporation entitled thereto." All taxes are to be paid out of the principal sum given, devised or bequeathed,

or from the fund set aside to produce any annuity. The plaintiff is the executor of the estate of Willie O. Burr, trustee of the life estate of the widow, and trustee of the testamentary trust created for the benefit of the charitable institutions. There are two overpayments resulting in rebates. It is obvious that the refund of $2494.04 upon the tax paid for the outright gifts to the widow is not governed by § 1266, supra, and that it is payable to the executor or administrator of her estate. The rebate of $57,644.22 was made because that part of the remainder which passes to the charitable institutions is exempt, and its disposition is governed by the provision of § 1266 which directs that it be paid by the state treasurer to the person or corporation entitled to the exempt gift in remainder. The plaintiff as trustee for the specified charitable institutions is the one to whom the state treasurer must pay this rebate. Upon the death of the widow the fund held for her life estate does not come back to the executor of the estate of Willie O. Burr, to be paid by it to the remaindermen. The plaintiff in its capacity as trustee of the life estate files its final account and distributes the fund, under order of the Probate Court, to those entitled to it. The statute having provided that the additional taxes shall be paid out of the principal sum devised or bequeathed, the plaintiff in its capacity as trustee of the life estate must pay the increased tax assessed against the legatees mentioned in clause 2 of the will, out of the funds to be distributed to them. In *Clark* v. *Hartford-Connecticut Trust Co.*, 127 Conn. 101, 14 Atl. (2d) 743, we decided that only those of the nine legatees who were surviving at the death of the testator's widow are entitled to share in the distribution.

The remaining question concerns the increased tax now due from the miscellaneous legatees. Who shall

collect it? It was assessed upon the expiration of the life estate, but not under the provisions of § 1266, which has to do only with remaindermen. The tax commissioner's version is that the assessment is due to the fact that their pro rata share of the tax was increased because of the addition of the one-fourth of the residue to the property passing to Class C beneficiaries, thus increasing the value of the Class C property in the 8 per cent or top bracket. The plaintiff does not deny that this tax is now due, but contends the state and not the executor must collect it. If it were the duty of the executor to pay, reasonable protection to it would require that when there is a distribution of the estate it should be permitted to reserve from the shares of the distributees amounts sufficient to meet sums becoming due because of possible increases in the tax assessments at the death of the life tenant, and this would mean keeping the estate open until that time, which might be many years after. Although in this case it had direct notice that there would be such a recomputation, the persons who were to take the remainder were not ascertainable at the death of the testator. See *Clark* v. *Hartford-Connecticut Trust Co.*, supra. Moreover, in many instances in other estates, the amount of the tax would be uncertain. We find nothing in the applicable statutes to indicate that it must reserve such a sum.

In estates where all devises and bequests take effect in possession and enjoyment at the testator's death the executor must pay the tax within fourteen months after the death of the testator, unless the time is extended by the Probate Court. General Statutes, Rev. 1918, § 1268, as amended by Public Acts, 1921, Chap. 297, § 6. Section 1269, General Statutes, Rev. 1918, provides that every recipient of a gift to take effect at death and every executor, administrator or trustee is

liable for interest from the time when the tax is due, that no final account of an executor or administrator shall be allowed, unless the court finds that all taxes imposed under the provisions of this chapter, the amount of which can then be ascertained, have been paid, and that whenever the computation or final adjustment of any part of the tax is postponed, the property passing to any remainderman shall remain subject to any unpaid tax.

There are three things which seem to stand out in the applicable statutory provisions: (a) In the case of a remainder, if there has been an overpayment, the state treasurer must pay the refund, not to the executor or administrator, but to the remainderman. (b) The only express obligation upon the executor or administrator is to pay "within fourteen months" of the death of the donor, grantor, testator or intestate. (c) The final account of an executor, administrator or donor cannot be allowed until all taxes are paid "the amount of which can then be ascertained." If the estate was to be kept open, as it must be if the executor is to pay these deferred taxes, why was it made the duty of the state treasurer to pay the refund directly to those entitled? If there was a continuing obligation on the executor to pay deferred taxes, why did the statute speak only of his obligation to pay within "fourteen months from the death of the testator," that is, of an obligation to pay the initial tax? How explain the phrase preventing the settlement of the estate until all taxes which can then be "ascertained" are paid, unless it means that he may finally settle his account and so be discharged, if all taxes the amount of which is then determinable are paid; and if his final account can be allowed before unascertainable tax liabilities are determined, how can we say he must keep it open, to pay future sums found to be due years

later? We conclude that under the law as it stood in 1921, the executor was not under a duty to pay deferred taxes if it had filed a final account after paying all taxes then ascertainable and it was accepted.

In any event, the decree was erroneous because in effect it ordered refunds paid directly to the executor when the statute expressly required that they be paid to the remaindermen. The computation was concededly mistaken in the division of the tax among nine of those named to take remainder interests under clause 2 of the will.

It is to be remembered that the issue has been decided under the law as it was in 1921, and that the statutes now in effect differ in material respects from those then in force.

No purpose would be served by answering categorically the many questions propounded for our advice. The Superior Court is advised that the Probate Court erred in directing the tax commissioner to pay to the executor the difference between the amount of the decreases in the tax originally assessed and that of the increases found due upon the recomputation. In the opinion we have gone beyond the requirements of the specific questions asked in order that the Probate Court may know what action to take when the matter comes before it again.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.