In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of GEORGE S. NICHOLAS, Deceased.

Surrogate's Court, Suffolk County, December 1, 1953.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee, petitioner.

*Robert H. Pelletreau, William A. Moore* and *Maurice Hahn* for Elizabeth T. Nicholas and others, respondents.

*White & Case* for Lillian M. Nicholas, individually, and others, respondents.

HAZLETON, S. In his will probated in 1922, in this court, deceased established a trust for his son in the sum of $700,000 with income payable to him during his life with power on his death to pay over the capital of the corpus to such person or persons, corporation or corporations as the son in his will might appoint, and in default of such appointment, the corpus was then to go to the other children of the testator, Ridgely Nicholas, Virginia T. Nicholas and Elizabeth T. Nicholas, respondents herein.

The son, in June, 1943, obviously to alleviate the tax consequences of the then recently enacted Internal Revenue Act of 1942, executed a partial renunciation of his general power to limit and appoint under his father's will, " except the power to appoint the principal or capital of the said trust fund by my Last Will and Testament to my wife, my descendants * * * or to any one or more of them as I may direct by my Last Will and Testament.''

In the son's will recently probated in the State of Connecticut, the corpus of the trust fund created in his father's will was attempted to be disposed of by giving outright one half thereof to his wife, Lillian Morse Nicholas, and leaving the remaining one half in trust for his wife with the income payable to her during her life. In addition, the trustees named to administer the trust were empowered in their discretion to pay at any time all or any part of the principal of the trust to the wife for her maintenance and welfare. The son's will further provided that any of the principal remaining after

the death of his wife was to be paid over to his brother, Ridgely Nicholas, and his sisters, Elizabeth T. Nicholas and Virginia T. Nicholas.

These are the facts from which must be found the answers to the question submitted.

Accepting the challenge to the jurisdiction of this court to construe the Connecticut will of the son, I believe I possess such power insofar as the Connecticut will concerns the property included in the corpus of the trust created in the New York will of the father. The jurisdiction of this court over such property having been established cannot be defeated by the attempted exercise by the son of the power of appointment given him in his father's will, until this court has passed upon and determined the validity of such exercise. The leading case on this point is *Matter of New York Life Ins. & Trust Co.* (209 N. Y. 585). An examination of the opinion of Surrogate FOWLER in that case (139 N. Y. S. 695), shows that exactly the same question as to the governing law was determined by the Court of Appeals as is now before this court. The Court of Appeals, in a *Per Curiam* opinion, stated at page 586: " We regard his [Surrogate FOWLER's] reasoning as sound, but prefer to put our decision squarely on the ground that the construction and effect of the will of Madame Franchetti, [a resident of Italy] in so far as it involved an exercise of the power of appointment conferred by the will of her father, [a resident of New York] is governed by the law of this state, the domicile of the donor of the power, and the situs of the property. * * * We adopt the rule applied in Massachusetts and concur in the reasoning of Chief Justice GRAY in support of it in *Sewall* v. *Wilmer* (132 Mass. 131)." (Matter in brackets added.)

I believe that the " release " executed by the son limiting the extent to which he might exercise the power of appointment given him in his father's will is valid and requires consideration in determining the provision of the son's will wherein disposition under said power is attempted to be made of the corpus of the trust created under paragraph " Thirdly " of the father's will.

Paragraph " Second (a) " of the son's will, which devises and bequeaths one half of the son's residue estate " including any power of appointment " to his wife seems to be clearly within the exercise of such power. While the language used is inept, since it appears to bequeath the power itself, which concededly could not be done, nevertheless it is obvious that

the intention was to bequeath the property over which the son had power of appointment, and should be so construed.

However, anent paragraph " Second (b) " of the son's will, a different situation exists. Here the son attempts to set up a further trust out of the remaining half of the trust created in his father's will, for the benefit of the son's wife with remainder, if any, over to his brother and sisters. This, in my opinion, exceeds the authority or power the son received from his father's will, which merely granted the son a simple power of appointment to designate the beneficiaries of the capital of the share held in trust with the right to " give, limit and appoint " the amount or amounts, and the person or persons, who might take.

No authority in the son to create an additional trust out of the one half of the corpus of the trust set up for his benefit is evident or can be implied from the language of his father's will, and the law seems clear that such authorization must exist before it can be exercised. (*Matter of Kennedy,* 279 N. Y. 255.) Therefore, I am of the opinion that the trust provision under paragraph " Second (b) " of the son's will is invalid so that as to one half of the corpus of the trust created by the father's will, there has resulted a failure on the part of the son to properly exercise his power of appointment.

Hence, it follows, as provided in the will of the father, in case of a " default of such appointment by will " that this one half of the corpus passes to the other three children, the respondents, Ridgely Nicholas, Elizabeth T. Nicholas and Virginia T. Nicholas.

Submit decree accordingly on notice.