Joseph A. Cox, S.
The testatrix created two trusts for the primary life use of her niece Elsie Van Keuren Baker. The first (paragraph sixth) was in the principal sum of $5,000; the other (paragraph seventh) consisted of one-sixth of the residuary estate. The remainders of the two trusts are disposed of in text that is identical and which reads: “ On the death of said Elsie Van Keuren [Baker], the trust hereby created shall cease and the entire corpus of the trust estate then remaining in the hands of the trustees shall go and belong to my niece, Carrie E. Van Keuren, and to my nephew, Frederick F. Van Keuren, in equal shares absolutely, or to the survivor of them if either he dead, and in such events respectively, I hereby so give, devise and bequeath the same.” (Emphasis added.)
The nephew and niece survived the testatrix, but only the niece survived the termination of the trust. The claim of an interest by the estate of the deceased nephew presents the initial question to be decided herein.
We are told at the outset that a constructional preference for early vesting, firmly established in New York despite grounds *409 for criticism of it (see Matter of Ross, 281 App. Div. 470, 472; 2 Powell on Beal Property, par. 328, pp. 723-724), will make the death of the testatrix as the time when “ the survivor of them ” is to be determined. The New York rule is not so arbitrary. The Court of Appeals recently took the occasion to restate the rules governing the interpretation of words of survivorship in a gift of a trust remainder. Speaking for the court, Judge Fuld said: “ As cases very like the present demonstrate, absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death ‘ only in the case of an absolute devise or bequest to one and in case of his death to another ’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate. [Citing authorities.] The Bestatement sums up the subject in this way [Bestatement, Property, § 251, p. 1266]: ‘In a limitation purporting to create a remainder or an executory interest, a description of the intended takers as persons “ who survive,” or who are “ living,” or by other language of the same import, but which fails to designate the time to which such takers must survive, tends to establish the time of the termination of all preceding interests as the time to which survival is required’.” (Matter of Gautier, 3 N Y 2d 502, 508-509.)
Buies of construction are designed as guides in the search for testamentary intent only when the text of the will itself does not clearly reflect that intent. A constructional preference for one result or another may be indulged only when it is in harmony with the plan and text of the will. We must turn then to the will itself and examine the gift of the remainder in its setting therein.
Certain related provisions of the will are significant in the present controversy. When the testatrix (or her draftsman) wished to express the idea of one living at the time of death of the testatrix, she said so in plain language. Thus, in paragraph second, certain general legacies are bequeathed ‘1 to such <vf the persons named in this paragraph as shall survive me.” Three separate alternative gifts are prefaced with the words “ shall not survive me.” The words “ survive me” appear twice in paragraph third, three times in paragraph fourth, twice in subdivision A of paragraph seventh, twice in paragrapn eighth and once in paragraph eleventh. The same words appear twice in subdivision B of paragraph seventh, which disposes of one half the residue. Certain general legacies are directed to be paid first. All of the rest of the one-half share is given to the nephew Frederick, the niece Carrie and two other persons *410 “ or to such of them as shall survive me.” Three of the shares are bequeathed absolutely to the legatees. The fourth is given to the beneficiary “ to be used and enjoyed by him during his lifetime, and subject to his life estate therein, I hereby give, devise and bequeath the residue and remainder of said share to [the other three] or to such of them as shall survive me, in equal shares absolutely.” (Emphasis added.) She here created a legal life estate and bequeathed the property subject to that estate. She made it clear that the gift was to vest at the time of her death in those named who survived her. There is evident in this subdivision a studied use of terms and an experienced and careful draftsmanship. This subdivision and the others to which reference has just been made make it very clear that in every instance where survivorship was to be determined as of the time of death of the testatrix, she said so in words that are unmistakable. It is evident that this testatrix was alert to the possibility of lapse of legacies by death of a a beneficiary during her lifetime, and she lost no opportunity to avoid it. The words ‘ ‘ survive me ’ ’ are continually used in relation to gifts that would vest in the legatee at the time of her death, and in no single instance where survivorship at her death was important did she fail to repeat the words “ survive me ”.
The words ‘1 to the survivor of them ’ ’ are plainly used in a different sense. The trusts are for the life use of Elsie and in respect of each, the testatrix has said that upon ‘£ the death of said Elsie Van Keuren, the trust hereby created shall cease and the entire corpus of the trust estate then remaining in the hands of the trustees shall go and belong to ’ ’ the niece and nephew. We have seen that when this testatrix wished to make an indefensibly vested gift of a remainder, subject to a legal fife estate, she understood how to do it in terms that are technically correct, accurate and beyond argument. Here she did not intend to make that kind of gift. Her text says plainly that the gift was to vest only on the happening of certain events, and was given ££ in such events respectively ”. One of the events was the survivorship of both of them when the trust ££ shall cease ”. The other event was the death of ££ either ” of them, and in that contingency the gift was to ££ the survivor of them.” She did not mean the one who ££ survived me”; she^meant the survivor of the two named beneficiaries and she obviously contemplated the survivor being in existence at the termination of the trust. The testatrix did not give any thought to the possibility that both of them might die during the trust term. The use of the word “either” in the contingency of death *411 plainly shows that she did not take that possibility into account. As events have transpired, however, her failure in that respect is of no consequence. The text of each of the sentences which disposes of a trust remainder shows very clearly that the testatrix did not intend to make a gift of the remainder that would vest indefeasibly at the time of her death. On the contrary, it reveals an intent to make the gift contingent upon survival of the trust term.
The sentences which immediately precede and follow the gift of the remainders are not without significance here. The sentence which immediately precedes the gift of the remainder in paragraph seventh deals with the income of that trust. The testatrix gave her trustees discretion in the amount of income to be paid to the primary life beneficiary and she directed that the balance of the income be paid to Carrie E. Van Keuren. The will then provides: “In case of the death of said Carrie E. Van Keuren before my decease, or in case of her death before the termination of the trust hereby created ” the balance of the income shall be paid to a named friend. There follows immediately the disposition of the trust principal quoted hereinabove. The very next sentence deals with the possibility of the death of any one or all of the three individual trustees during the term of the trust. One of the trustees was Frederick. Thus in the first and last of three successive sentences, the testatrix directly expressed her awareness of the possibility of the death of Carrie during the trust term and of the death of Frederick during the trust term. The flow of thought in the intervening sentence takes up the same contingency, that is the death of either during the trust term. Moreover, in view of her unvarying explicit reference to her own death when that point of time was intended to measure survivorship, the words in the intervening sentence, “ if either be dead ”, can be interpreted only to refer to the death of one of them before he or she could enjoy possession of the corpus “then remaining in the hands of the trustees.” To say that the words “if either be dead” refer to death during her own lifetime, is to ignore the language used by this testatrix throughout her will, as well as the rule of construction restated by the Court of Appeals.
Counsel for the estate of the deceased nephew call attention to the fact that as the court now construes the will, the testatrix made no provision for the disposition of the remainders in the event that both beneficiaries died during the trust term. They argue that if survivorship to the end of the trust term be a condition to absolute vesting of the remainder, the failure of either to survive might result in an intestacy. Such a possi *412 bility, they contend, is so much to be avoided that the court would be justified in giving a different meaning to the disputed words so that all property will be effectively disposed of by the terms of the will in all eventualities. The testatrix plainly failed to take into consideration the possibility of Elsie’s outliving the two remaindermen. In point of fact, that circumstance never happened. Even if it had come to pass, however, and even if we were faced with the alternative of intestacy, ‘ ‘ a court may not rewrite the will in order to avoid intestacy” (Matter of Gautier, 3 N Y 2d 502, 510, supra; Matter of Jay, 142 N. Y. S. 2d 234, affd. 1 A D 2d 661, affd. 1 N Y 2d 897).
No useful purpose would be served in discussing the decisions cited by counsel for the estate of the deceased nephew in support of his argument that words of survivorship refer to the death of the testator. The construction herein made finds support not only in the rule applied in Matter of Gautier (supra), but, what is more important, in the very language and framework of this will.
A subsidiary question is raised by the administrator of the estate of the deceased life beneficiary. Schedule M of the account reports income accrued to the date of termination of the trust in the sum of $1,194.77 “ which the successor trustee in the exercise of its discretion under Paragraph Seventh of the will * * * did not pay to Elsie Van Keuren Baker, and which therefore under Paragraph Seventh of the will is payable to Carrie E. Van Keuren.” The administrator of Mrs. Baker objects to that portion of the account and demands the accrued income of $1,194.77. He makes no contention that as matter of fact or matter of law the trustee abused its discretion. His argument is that the trustee was granted discretion under the will to pay this income to Mrs. Baker or Miss Van Keuren, but having failed to exercise its discretionary power before the end of the trust term, its powers ceased and the income is payable to the one for whom the trust was created.
The will directs the trustees to pay to Mrs. Baker, from time to time, during the term of her life “ such sum or sums as to my said trustees shall seem proper, and the balance of such net income which shall not be paid by my said trustees to said Elsie Van Keuren [Baker], shall be paid over by my said trustees from time to time, as often as once in six months during the term of the natural life of said Elsie Van Keuren, to my niece, Carrie E. Van Keuren * * * and in the events above stated respectively, I hereby so devise and bequeath the same.”
As the court reads the will, the trustees have authority to determine how much of the income should be paid to Mrs. Baker. *413 After they have made such determination, any excess income remaining in their hands is given directly by the testatrix to her other niece. The trustees have no discretion in disbursing the “ balance of such net income.” The testatrix has disposed of such balance. Under such circumstances, the beneficiary’s ‘ ‘ administrator is not entitled to income which accrued prior to his death even though income had been received and accumulated by the trustee.” (2 Scott on Trusts [2d ed.], p. 936.)
The court, therefore, holds that the remainders of the trusts are payable to Carrie E. Van Keuren, as sole surviving remainderman. The objections of the administrator of Elsie Van Keuren Baker are overruled.
Submit decree on notice construing the will and settling the account accordingly.