Joseph A. Cox, S.
Certain property of the father of this testatrix passed to her through the exercise of a testamentary power of appointment. The testatrix disposed of one half of this property in the Fourth article of her will and it is such disposition that now presents a question of construction. By that article the testatrix (1) set apart one fourth of the property in trust for the benefit of Eleanor W. Perrine and named her aunt Mary M. Skinner and her cousins Caroline A. Skinner and Emilie Y. Skinner as remaindermen, (2) set apart one fourth of the property in trust for Mary M. Skinner and named Caroline A. Skinner and Emilie Y. Skinner as remaindermen, (3) set apart one fourth of the property in trust for Caroline A. Skinner and named Mary M. Skinner and Emilie Y. Skinner as remaindermen, and (4) set apart one fourth of the property in trust for Emilie Y. Skinner and named Mary M. Skinner and Caroline A. Skinner as remaindermen. The trust for Eleanor W. Perrine was to continue during her life or until her marriage while the trusts for the aunt and cousins were measured by their respective lives. The remainder disposition of each trust for a relative is expressed in identical language, with the necessary interchange of names in each instance. The trust provisions are brief and read as follows:
“ (2) To set apart one-quarter thereof as a separate trust fund, and to pay over the income thereof, semi-annually to my aunt, Mary M. Skinner, for and during her natural life and upon her death, or if she be dead at the time of my death to pay over the principal of such trust fund, in equal portions, absolutely and forever, to my cousins, Caroline A. Skinner and Emilie Y. Skinner, or to the survivor of them.
“ (3) To set apart one-quarter thereof as a separate trust fund, and to pay over the income thereof, semi-annually to my cousin Caroline A. Skinner for and during her natural life, and upon her death, or if she be dead at the time of my death, to pay over the principal of such trust fund in equal portions, absolutely and forever, to my aunt, Mary M. Skinner and to my cousin, Emilie Y. Skinner, or to the survivor of them.
“ (4) To set apart one-quarter thereof as a separate trust fund, and to pay over the income thereof, semi-annually to my cousin, Emilie Y. Skinner, for and during her natural life, and upon her death, or if she be dead at the time of my death, to pay over the principal of such trust fund, in equal portions, absolutely and forever, to my aunt, Mary M. Skinner, and to my cousin, Caroline A. Skinner, or to the survivor of them.”
The will of the testatrix was admitted to probate in 1912, Mary M. Skinner died in 1925, Caroline A. Skinner died in 1942 *471 and Emilie V. Skinner died in 1958. On the death of Mary M. Skinner the remainder of her trust was distributed to the two named cousins. On the death of Caroline A. Skinner the remainder of her trust was distributed to Emilie V. Skinner, as the survivor, and a judicial construction of the will was not sought in that connection. The question now submitted to the court concerns the disposition to be made of the remainder of the trust for the benefit of Emilie V. Skinner. It is contended by the representative of the estate of Caroline A. Skinner that the remainder interests in this trust vested in Caroline A. Skinner and Mary M. Skinner on the death of the testatrix. If this is correct, an improper disposition was made at the time the trust for Caroline A. Skinner was distributed, although that possibility is not raised in this proceeding. The representative of the estate of the residuary legatee under the will of this testatrix asserts that the interest of each named remainderman was contingent upon survival of the income beneficiary and, neither of them having survived Emilie V. Skinner, the trust remainder passes under the residuary provision of the will.
Eesolution of the issue hinges upon the interpretation of the expression “ or to the survivor of them.” A guide in the construction of words of survivorship, as pertaining to the disposition of a trust remainder, is found in Matter of Gautier (3 N Y 2d 502, 508) where the court said: “As cases very like the present demonstrate, absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death ‘ only in the case of an absolute devise or bequest to one and in case of his death to another ’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” The quoted statement is a recognition of the fact that a testator normally intends to confer his beneficence upon living persons and it is indeed the rare instance when a testator knowingly channels his assets through other estates rather than retain control in himself of the ultimate destination of his property. A construction of the instant will as creative of remainders vesting upon the testatrix’ death would impute to her a rather ineffectual testamentary scheme under which she intended to deprive each named relative of the use of certain capital assets in the beneficiary’s lifetime while bequeathing the remainder interests in the same assets to the beneficiary’s estate. This unavoidable result would have been apparent to the testatrix on the date she executed the will and it would be fair to assume that outright legacies rather than futile trust provisions would have served her purpose better. The conclusion to be drawn from the language of the will is *472 that this testatrix intended to bequeath the trust remainders to persons living upon the death of an income beneficiary. This conclusion is consonant with the construction accepted by the interested parties upon the termination of the trust for the benefit of Caroline A. Skinner. It is quite apparent to the mind of the court that in referring to the survivor of the named remaindermen this testatrix had in contemplation the person living at the time the fund became distributable. The latter event could occur at the time of the death of the testatrix, if the income beneficiary were to predecease her, or the event could occur upon the late'r death of the income beneficiary, but in either instance the intention of the testatrix was to place the fund in the possession of a living individual. Accordingly it is held that, since none of the named remaindermen survived the duration of the trust, the principal fund in question is payable under the residuary provision contained in the Sixth article of the will.
Submit decree on notice construing the will accordingly.