Joseph A. Cox, S.
The testator bequeathed his residuary estate in trust for the primary benefit of his son during the latter’s lifetime and the direction to the trustee was to apply such portion of the trust income as might be necessary for the care and maintenance of the son and, in the trustee’s discretion, so much of the corpus as might be required to provide such care and maintenance. The testator provided further that any income not applied for his primary purpose be paid in stated proportions to three named relatives and, in certain contingencies, to Duke University. These bequests of surplus income follow the testamentary provisions for the maintenance of the testator’s son and read:
*449 “(b) Of the net income, if any, remaining after the payments hereinbefore directed, the Trustee shall pay annually:
“ (1) One-half to my brother, Samuel, if he shall survive, or, if he shall not survive, to his wife, Minnie, if she shall survive;
“ (2) One-fourth to my brother, William, if he shall survive;
“ (3) One-fourth to my sister-in-law, Cara Jordan, if she shall survive;
“ (4) If any of the foregoing three fractional shares of the available income may not be distributed as hereinbefore directed, by reason of the prior death of the named beneficiary or beneficiaries, then such sum or sums shall be paid to Duke University, in the City of Durham, North Carolina.”
The trust remainder is disposed of in the following language:
“ (c) Upon the death of my son, John, the Trustee shall pay, out of the property remaining in the trust:
“ (1) To my brother, Samuel, if he shall survive, or, if he shall not survive, to his wife, Minnie, if she shall survive, the sum of Three Thousand ($3,000.00) Dollars;
“ (2) To my brother, William, if he shall survive, the sum of Three Thousand ($3,000.00) Dollars;
“ (3) To my niece, Mary Allen Morgan, if she shall survive, the sum of Two Thousand ($2,000.00) Dollars;
“ (4) To my sister-in-law, Cara Jordan, if she shall survive, the sum of Two Thousand ($2,000.00) Dollars.
“(d) Any and all property remaining in the trust, after the payments hereinbefore directed, shall then go to Duke University, in the City of Durham, North Carolina, to be added by the said Duke University to its endowment.”
The testator’s brother William survived him and during William’s lifetime he was the recipient of a one-fourth share of the income which was not needed for the maintenance of the testator’s son. William now is dead and the trustee seeks instructions as to the disposition to be made of this one-fourth share of surplus income. The disposition required to be made depends upon the significance to be given to the expression “ if he shall survive.” If this locution is construed as a reference to survival of the testator, the income to which William was entitled in his lifetime now is payable to his estate. If the intention of the testator was to benefit William only so long as he survived the primary income beneficiary, the testator’s son, this income now is payable to Duke University.
It seems quite apparent that the testator’s purpose was to provide income for living persons and an existing institution and also to make a like disposition of the trust remainder on his son’s death. Identical language respecting survivorship is employed *450 as to both the trust income and the trust remainder. The proper approach to this construction question is provided in Matter of Gautier (3 N Y 2d 502) where the Court of Appeals emphasized that in this form of trust provision there is no implication that words of survivorship refer to the time of the testator’s death. The Gautier decision was quoted and followed in Matter of Larkin (9 N Y 2d 88) and this court had occasion to employ the same thinking in Matter of Rogers (25 Misc 2d 469, affd. 14 A D 2d 731). Accordingly it is held that the one-fourth share of surplus income to which William would be entitled if living now is payable to Duke University.
A further question is raised as to the disposition of the remainder gift to William. While this is academic so long as the trust continues, the construction problems concerning trust income and this remainder bequest are interdependent and require application of identical rules of construction which, consistently applied, lead to the conclusion that the remainder bequest to William was contingent upon his survival of the testator’s son and, by reason of William’s death, this bequest has vested in Duke University.
Allowances will be fixed upon the settlement of the decree.