Pierson R. Hildreth, S.
In this accounting the court is requested to construe the will of the donee of a power of appointment in order to determine the person or persons now entitled to distribution upon the final accounting of the trustees. The parties have stipulated the facts.
Under decedent’s will a portion of his residuary estate was left in trust with the income being payable to his son, George, Jr., for life, the corpus upon death of such son to pass as the son should by will appoint, or in default of appointment the corpus was to pass to the lawful issue of the son, or in default of appointment or issue the corpus to pass to the decedent’s children then living and issue of any deceased children per stirpes. The decedent and donor of the power of appointment was a resident of New York State and his will was probated in this county where the trust has at all times been administered. The trust has now terminated and the trustees render their final account.
The said son, George, Jr., died December 9, 1952 domiciled in Connecticut. His will was probated in that State. The will of the son disposed of his own estate and exercised the power of appointment given him under the will of his father by paragraph ‘ ‘ second ’ ’, which provided as follows:
‘ ‘ second : All the rest, residue and remainder of my estate, both real and personal, of whatsoever the same may consist and wheresoever situated, including any power of appointment I may have under the will of my late father, George S. Nicholas, deceased, I give, devise and bequeath as follows:
“ (a) One-half (%) thereof to my wife, lillian morse Nicholas, if she survives me, the same to be hers absolutely and forever.
“ (b) The remaining one-half (%) thereof to my trustees, hereinafter named, in trust, nevertheless, for the following uses and purposes: To hold, manage and invest the same and *78 keep the same invested and productive of income and to pay the net income therefrom to or expend same for the benefit, maintenance and welfare of my said wife for and during the term of her natural life. I authorize and empower my said Trustees at any time or from time to time in their absolute discretion to pay all or any portion of the principal of said trust to my said wife or expend the same for her support, maintenance, benefit or welfare.
‘ ‘ Upon the death of my said wife or should my wife predecease me, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of whatsoever the same may consist and wheresoever situated, to my brother, bidgley Nicholas, and my sisters, Elizabeth t. Nicholas and Virginia t. Nicholas, or the survivors or survivor of them, the same to be theirs absolutely and forever.”
Thus, under the will of the son the property over which he had power of appointment was left one half outright to his wife, and the other one half was left in trust with income to the wife for her life and the remaining corpus on her death was given to the named brother and sisters ‘ or the survivors or survivor of them.”
In a prior accounting it was held that the exercise of the power of appointment by the Connecticut will of the son was valid. However, no question as to persons who would, be entitled to the corpus on death of the income beneficiary was considered. (Matter of Nicholas, 204 Misc. 965, mod. 284 App. Div. 971, affd. 308 N. Y. 971.)
With the death of the wife who was the income beneficiary the trust has terminated. All three of the named remaindermen were living at the date of the death of the son who was donee of the power; but the donee’s brother Bidgley, and his sister, Elizabeth, both predeceased the wife as income beneficiary, thus leaving only the donee’s sister, Virginia, alive at date of termination of the trust.
Under paragraph second” of the donee’s will the corpus on death of the income beneficiary was left to the named remaindermen or the survivors or survivor of them.” One question is whether this corpus is to be distributed entirely to the sole remainderman who was living at the death of the income beneficiary, or whether the corpus vested indefensibly at the date of the death of the donee of the power in the three remaindermen named in the will so that the representatives of the two who predeceased the income beneficiary should also now share in the distribution of the corpus.
*79 Since the power of appointment was exercised by a donee who was a nonresident there is also the question whether the will of the donee is to be construed in accordance with the law of Connecticut, the donee’s domicile, qr in accorclance. with the law of New York which was the domicile of the donor of the power.
Considering the second question first, it is the opinion of the court that the will should be construed according to the law of New York. That the construction and effect of a will exercising a power of appointment is governed by the law of the State of the domicile of the donor of the power seems to have been squarely held in the case of New York Life Ins. & Trust Co. (209 N. Y. 585).
Turning to the first question, do the words or the survivors or survivor of them” refer to survivorship of the testator or of the income beneficiary? As in all questions of construction of a will, the testator’s intention is to be sought if possible from the language used. Bach will must be construed according to its own text with the aid of established rules of construction if necessary. Application of the same rules of construction to different factual situations leads to different results.
Here upon death of the income beneficiary there is a gift of one half of the residuary in trus$ to named remaindermen qr their survivor. In disposing of the other one half of his residuary estate outright to his wife, testator used the phrase “ if she survives me ”. This indicates that when the testator intended to refer to survivorship of himself he knew how to do so. Also it is clear that the named remaindermen or their survivor were to take whether testator’s wife predeceased him or survived him. The court is of the opinion that in either case only such of the named remaindermen as were alive at distribution or termination of the trust are entitled to share.
Where a direct gift without any intervening life estate is made the rule is that unless a contrary intent is indicated words of survivorship refer to the testator’s own death. (Matter of Mahan. 98 N. Y. 372; Connelly v. O’Brien, 166 N. Y. 406.)
Where, as here, there is an intervening life estate the court is of the opinion that the rules stated in Matter of Gautier (3 N Y 2d 502) should apply in determining the meaning to be attributed to the words of survivorship. The rule stated in that case, at page 508, is that; absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death 1 only in the case of an absolute devise or bequest to one and in case of his death to another ’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” The decision in the *80 Gautier case also indicated that a will would not be rewritten to avoid the rule even though an intestacy might occur if all remaindermen failed to survive the life tenant.
It does not appear to the court that there is any language in the present will sufficient to indicate any intention that the testator intended survivorship of the named remaindermen to refer to the time of his own death rather than to the time of death of income beneficiary where the income beneficiary survived him. In that situation not only could there be no distribution until the life interest terminated, but in addition there was discretionary power to pay all or any portion of principal to the support, maintenance and benefit or welfare of the wife as income beneficiary. Thus the amount available for eventual distribution was not certain. The stipulated fact that the named remaindermen were respectively 68, 78 and 65 years of age at the time the will was made, all of them being older than the testator’s wife who was income beneficiary, and none of them having any issue, might be considered an indication that in giving the corpus to survivors of the named remaindermen testator had in mind only those who would be alive when the income beneficiary died. The principle expressed in the Gautier case has been applied to language of survivorship in numerous instances. (See Matter of Buhler, 12 Misc 2d 407; Matter of Rogers, 25 Misc 2d 469, affd. without opinion 14 A D 2d 731; Matter of Larkin, 9 N Y 2d 88; Matter of Gulbenkian, 9 N Y 2d 363.)
If the will in this ease were to be construed by application of the law of Connecticut, being the domicile of the donee of the power, it would appear that the words of survivorship used in the gift of the remainder to named persons “ or their survivors ” upon death of the income beneficiary would be construed to refer to survivorship at the date of death of the income beneficiary. (See Clark v. Hartford-Connecticut Trust Co., 127 Conn. 101 [1940].) The court, however, as previously indicated is of the opinion that construction is governed by New York law even though application of Connecticut law might reach the same result.
Accordingly, the court determines that Virginia T. Nicholas, the sole remainderman who survived the death of the income beneficiary under the will of the donee of the power, George S. Nicholas, Jr. is entitled to the entire trust corpus, and the will is so construed.